<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>_____ District of <u>Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number <em>(if known):</em> _____  Chapter_____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

Venoco, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

n/a

**3. Debtor's federal Employer Identification Number (EIN)**

7  7  –  0  3  2  3  5  5  5

**4. Debtor's address**

**Principal place of business**

370 _____ 17th Street
Number    Street

Suite 3900

Denver _____ CO ___ 80202
City          State   ZIP Code

Denver County
County

**Mailing address, if different from principal place of business**

_____ _____
Number   Street

P.O. Box _____

_____ _____ _____
City      State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____ _____
Number   Street

_____ _____ _____
City      State    ZIP Code

**5. Debtor's website (URL)**

www.venocoinc.com

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

| Debtor | Venoco, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/ .

2  1  1  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
                           MM / DD / YYYY

        District _____ When _____ Case number _____
                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor   See Schedule 1 to Exhibit A   Relationship _____

        District _____   When _____
                                 MM / DD / YYYY

        Case number, if known _____

Debtor    Venoco, Inc.                                          Case number (if known)_____
           Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street

_____

_____
City                                            State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Venoco, Inc. | Case number (if known) | |
|--------|--------------|------------------------|--|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
|---------------------------|--------------|-------------------------|---------------------------|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/18/2016
MM / DD / YYYY

✗ _/s/ Scott M. Pinsonnault_
Signature of authorized representative of debtor

Scott M. Pinsonnault
Printed name

Title  Chief Financial Officer and Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Robert J. Dehney
Signature of attorney for debtor

Date  03/18/2016
MM / DD / YYYY

Robert J. Dehney
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201    North Market Street, 16th Floor, P.O. Box 1347
Number    Street

Wilmington
City

DE
State

19899
ZIP Code

(302)658-9200
Contact phone

rdehney@mnat.com
Email address

3578
Bar number

DE
State

a.      Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On March 18, 2016, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Venoco, Inc.

- Venoco, Inc.
- Denver Parent Corporation
- TexCal Energy (LP) LLC
- Whittier Pipeline Corporation
- TexCal Energy (GP) LLC
- TexCal Energy South Texas, L.P.
- Ellwood Pipeline, Inc.

## UNANIMOUS WRITTEN CONSENT OF THE
## BOARD OF DIRECTORS OF
## VENOCO, INC.

The undersigned, being the Board of Directors (the "Board") of Venoco, Inc. (the "Company"), established pursuant to Article 3 of the Bylaws of Venoco, Inc., (the "Bylaws"), in lieu of acting at a meeting of the Board, hereby adopt the following resolutions (the "Resolutions") by written consent effective as of March 17, 2016 (the "Effective Date") in accordance with the provisions of the Bylaws and the Delaware General Corporation Law in effect as of the date hereof.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bylaws.

**WHEREAS**, the Board has the full powers and authority to consider, and take any actions relating to, the matters set forth in these Resolutions; and

**WHEREAS**, the Board reviewed and considered the materials presented by the Company's management team and the financial and legal advisors of the Company, including the presentations to the Board regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Board has had an opportunity to consult with the Company's management team and financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company.

## I.  Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file, or cause to be filed, a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware; and it is

**RESOLVED FURTHER**, that Mark DePuy, Chief Executive Officer, Scott M. Pinsonnault, Chief Financial Officer and Chief Restructuring Officer, Brian E. Donovan, Secretary and General Counsel, or Michael Wracher, Senior Vice President – Southern California Operations, of the Company, or any other officer as designated by the Board (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized to execute and file on behalf of the Company and its subsidiaries, all petitions, schedules, lists and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's or its subsidiaries' businesses.

## II. Debtor in Possession Financing

**NOW, THEREFORE, BE IT RESOLVED**, that the forms, terms and provisions of debtor-in-possession financing to fund, among other things, postpetition operating expenses and expenses of administration of the Debtors' chapter 11 cases, in substantially the form summarized for the Board, be, and the same hereby are, in all respects approved, and any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Company and its subsidiaries, to execute a debtor-in-possession credit agreement (such executed agreement, the "DIP Credit Agreement") to which the Company or its subsidiaries are parties, each in the form as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by his execution and delivery thereof, and it is;

**RESOLVED FURTHER**, that the Company and its subsidiaries, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Credit Agreement (the "DIP Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and hereby is authorized directed and empowered from time to time in the name and on behalf of the Company and its subsidiaries to grant the security interests in or liens on any real or personal property of the Company or its subsidiaries now or hereafter acquired as contemplated in the DIP Credit Agreement, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company or its subsidiaries, in each case as any such Authorized Officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company and its subsidiaries, as debtors and debtors in possession, to take such actions and execute and deliver (a) the DIP Credit Agreement and all agreements, certificates, instruments, guaranties, notices and any and all other documents contemplated by the DIP Credit Agreement (including, without limitation, any amendments, supplements or modifications to the DIP Credit Agreement and such other agreements, certificates, instruments, guaranties, notices and other documents) as such Authorized Officer may deem necessary and appropriate to facilitate the financing transactions thereunder (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the lenders to the DIP Credit Agreement (collectively, the "DIP Lenders"); and (c) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Credit Agreement or any other Financing Document; and it is

**RESOLVED FURTHER**, that the Chief Executive Officer, or any other Authorized Officer as designated by the Board, be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's and its subsidiaries' obligations under or in connection with the DIP Credit Agreement or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## III.  Retention of Professionals

**NOW, THEREFORE, BE IT RESOLVED**, that any Authorized Officer be, and each hereby is, authorized and directed to employ the law firm of Bracewell LLP and Morris, Nichols, Arsht and Tunnell LLP, as bankruptcy counsel to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings and petitions for relief; and, in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Bracewell LLP and Morris, Nichols, Arsht and Tunnell LLP; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and each hereby is, authorized and directed to employ the firm of PJT Partners LP, as financial advisor to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of PJT Partners LP; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and each hereby is, authorized and directed to employ the firm of Deloitte LLP, as restructuring advisor to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Deloitte LLP; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and each hereby is, authorized and directed to employ the firm of Ernst & Young LLP, as independent auditor and tax advisor to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Ernst & Young LLP; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and each hereby is, authorized and directed to employ the firm of BMC Group, Inc., as notice, claims and balloting agent to represent and assist the Company and its subsidiaries in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of BMC Group, Inc.; and it is

**RESOLVED FURTHER**, that any Authorized Officer be, and each hereby is, authorized and directed to employ any other professionals to assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## IV. Further Actions and Prior Actions

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of them, acting alone, hereby is authorized, directed and empowered, in the name of, and on behalf of, the Company and its subsidiaries, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Officer's judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of, and on behalf, of the Company or its subsidiaries, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects confirmed, approved and ratified.

This consent may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same consent.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the undersigned being all of the Directors of Company hereby consent to, and approve and adopt, the foregoing resolutions effective as of the Effective Date.

_____
Timothy M. Marquez

_____
Richard C. Keller

_____
Joseph A. Bondi

**IN WITNESS WHEREOF**, the undersigned being all of the Directors of Company hereby consent to, and approve and adopt, the foregoing resolutions effective as of the Effective Date.

_____
Timothy M. Marquez

_____
Richard C. Keller

_____
Joseph A. Bondi

_____
Timothy M. Marquez

_____
Timothy M. Marquez

*[Signatory Page to Venoco, Inc.'s Voluntary Petition]*

**IN WITNESS WHEREOF**, the undersigned being all of the Directors of Company hereby consent to, and approve and adopt, the foregoing resolutions effective as of the Effective Date.

_____
Timothy M. Marquez

_____
Richard C. Keller

_____
Joseph A. Bondi

*[Signatory Page to Venoco, Inc.'s Voluntary Petition]*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, Inc., | Case No. 16-_____ (____) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned Debtor's equity interests:

| Shareholder | % Ownership |
|---|---|
| Denver Parent Corporation | 100% |

| Fill in this information to identify the case and this filing: | |
| --- | --- |
| Debtor Name    Venoco, Inc. | |
| United States Bankruptcy Court for the: _____ | District of  Delaware |
| | (State) |
| Case number (If known): _____ | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended *Schedule _____*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☑ Other document that requires a declaration 1007(a)(1) Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2016          **✗** _Scott M. Pinsonnault_ (signature)
       MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                    Scott M. Pinsonnault
                    Printed name

                    Chief Financial Officer and Chief Restructuring Officer
                    Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, Inc., | Case No. 16-_____ (____) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the following is the list of holders of any class of the above-captioned Debtor's equity interests:

| Equity Holder | Address of Equity Holder | % Ownership |
|---|---|---|
| Denver Parent Corporation | c/o Venoco, Inc., 370 17th Street, Suite 3900, Denver, Colorado 80202-1370. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name    Venoco, Inc.

United States Bankruptcy Court for the: _____    District of    Delaware
                                                                       (State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ❑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ❑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ❑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ❑ Schedule H: Codebtors (Official Form 206H)
- ❑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ❑ Amended Schedule _____
- ❑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration  1007(a)(3) List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2016          ✗ _____
            MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                   Scott M. Pinsonnault
                                   Printed name

                                   Chief Financial Officer and Chief Restructuring Officer
                                   Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, Inc., *et al.*, | Case No. 16-_____ (____) |
| Debtors.[1] | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS WHO HAVE
## THE 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

Venoco, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest non-contingent, unsecured claims (the "Consolidated List") based on the Debtors' books and records as of March [#], 2016. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim. The Debtors reserve the right to make revisions and changes to the Consolidated List as they may deem necessary or appropriate.

---

[1] The Debtors in these chapter 11 cases are: Venoco, Inc. (5555); Denver Parent Corporation (1005); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, Inc., 370 17th Street, Suite 3900, Denver, CO 80202-1370.

**Fill in this information to identify the case:**

Debtor name _Venoco, Inc., et al._

United States Bankruptcy Court for the: _____ District of _Delaware_
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U S Bank National Association CM-9705 PO Box 70870 St Paul, MN 55170-9705 | U S Bank National Association Phone:  206-344-4685 | Bond | | | | $326,776,119.53 |
| 2 | U S Bank National Association CM-9705 PO Box 70870 St Paul, MN 55170-9705 | U S Bank National Association Phone:  206-344-4685 | Bond | | | | $324,330.880.36 |
| 3 | Allocation Specialists, Lt 12810 Willow Centre Dr Suite A Houston TX 77066-3028 | Allocation Specialists, Lt Phone: 281-587-7100 LFRANKLIN@ASLQB.COM | Trade | | | | $206,215.26 |
| 4 | West Coast Welding & Construction Inc. PO Box 1915 Ventura, CA 93002 | West Coast Welding & Construction Inc. Phone: 805-659-7066 mbarbey@westcoastwelding.net | Trade | | | | $157,764.85 |
| 5 | C & C Boats Inc. PO Box 1279 Huntington Beach, CA 92647 | C & C Boats Inc. Phone: 714-536-4864 mmcdona1d@verizon.net | Trade | | | | $150,423.00 |
| 6 | Moody's Investors Service PO Box 102597 Atlanta GA 30368-0597 | Moody's Investors Service raymond.pedicone@moodys.com | Trade | | | | $70,000.00 |
| 7 | California Sandblasting & Coat 1404 Santa Fe Ave Long Beach CA 90813 | California Sandblasting & Coat Phone: 562-590-0552 yammy@californiasandblasting.com | Trade | | | | $69,017.81 |
| 8 | Sodexo Remote Sites Partnership PO Box 843753 Dallas, TX 75284-3753 | Sodexo Remote Sites Partnership Phone: 504-733-5761 shondell.boone@sodexo.com | Trade | | | | $63,460.31 |

Debtor ___Venoco, Inc., *et al.*_____ Case number *(if known)*_____

       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | United Healthcare Dept 1346 Los Angeles CA 90088-1346 | United Healthcare juliana_driggers@uhc.com | Trade | | | | $56,996.98 |
| 10 | Mountain Aviation Inc. 9656 Metro Airport Ave Broomfield, CO 80021 | Mountain Aviation Inc. Phone: 303-466-3506 charter@mountainaviation.com | Trade | | | | $37,156.88 |
| 11 | Instrument Control Services 6085 King Drive #100 Ventura, CA 93003 | Instrument Control Services Phone: 805-642-1999 accounting@instrumentcontrol.com | Trade | | | | $35,299.66 |
| 12 | SME-USA Inc 950 S 67th Av Phoenix, AZ 85043 | SME-US marni@smeusainc.com | Trade | | | | $28,055.00 |
| 13 | P2ES Holdings Inc PO Box 912692 Denver CO 80291 | P2ES Holdings Inc Phone: 303-29 rmansukhani@p2energysolutions.com | Trade | | | | $26,397.87 |
| 14 | Case Company PO Box 22223 Santa Barbara, CA 93121 | Case Company Phone: 805-963-7033 case@caseco.com | Trade | | | | $25,520.88 |
| 15 | Redwood Pacific Public Affairs 1215 K Street, Suite 2260 Sacramento, CA 95814 | Redwood Pacific Public Affairs carol@redwoodpacific.com | Professional Service | | | | $23,051.31 |
| 16 | Safety Tek Industries LLC 3510 Allen Rd #101 Bakersfield, CA 93314 | Safety Tek Industries LLC Phone: 661-587-8633 ccanfield@safetytekindustries.com | Trade | | | | $20,266.65 |
| 17 | Ost Trucks and Cranes Inc. PO Box 237 Ventura, CA 93002-9957 | Ost Trucks and Cranes Inc. Phone: 805-643-9963 ostcranes@aol.com | Trade | | | | $18,771.04 |
| 18 | Merrill Communications LLC CM-9638 St. Paul MN 55170-9638 | Merrill Communications LLC Phone: 303 572-3889 accountsreceivable@merrillcorp.com | Trade | | | | $16,923.00 |
| 19 | SC Fuels PO Box 14237 Orange, CA 92863 | SC Fuels Phone: 800-659-5823 css@scfuels.com | Trade | | | | $15,558.78 |
| 20 | IHS Global Inc PO Box 847193 Dallas TX 75284-7193 | IHS Global Inc Phone: 303-858-6187 customercare@ihs.com | Trade | | | | $15,452.58 |

| Debtor | Venoco, Inc., *et al.* | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Avanti 1 Park Plaza Suite 1000 Irvine CA 62614 | Avanti Phone: 949-988-3500 Fax: (714) 730-3315 | Trade | | | | $13,045.14 |
| 22 | Irwin Industries Inc. PO Box 973269 Dallas, TX 75397-3269 | Irwin Industries Inc. Phone: 310-233-3009 accountspayable@irwinindustries.com | Trade | | | | $12,844.84 |
| 23 | Regents Of The University Of California 6832 Ellison Hall University Of California Santa Barbara CA 93106-3060 | Regents Of The University Of California seltmann@ccber.ucsb.edu | Trade | | | | $12,000.00 |
| 24 | All Copy Products Inc 4141 Colorado Blvd Denver CO 80216 | All Copy Products In Phone: 303-295-0741 sdewar@allcopyproducts.com | Trade | | | | $11,815.81 |
| 25 | General Petroleum Corporation PO Box 31 Pasadena CA 91110-1235 01-1235 | General Petroleum Corporation Fax: (310) 356-2624 | Trade | | | | $11,787.07 |
| 26 | Thomas & Beers 572 Poli Street Ventura, CA 93001 | Thomas & Beers Phone: 805-652-0655 info@thomas-beers.com | Trade | | | | $10,290.00 |
| 27 | Anterra Energy Services Inc. 918-C1 Mission Rock Rd Santa Paula, CA 93060 | Anterra Energy Services Inc. Phone: 805-981-4053 jfranco@anterraservices.com | Trade | | | | $9,555.75 |
| 28 | FTI Services, Inc. 75 Aero Camino, Suite A Goleta CA 93117 | FTI Services, Inc Phone: 805-685-6672 accounting@ftiservices.com | Trade | | | | $9,500.00 |
| 29 | Certex Usa Inc PO Box 201553 Dallas TX 75320-1553 | Certex Phone: 713 674-3000 gjohnson@certex.com | Trade | | | | $9,050.26 |
| 30 | URS Corporation PO Box 116183 Atlanta, GA 30368-6183 | URS Corporation Phone: 805-964-6010 tim.murphy@aecom.com | Trade | | | | $8,897.47 |

Fill in this information to identify the case and this filing:

Debtor Name  Venoco, Inc., et al.

United States Bankruptcy Court for the: _____    District of  Delaware
                                                                                          (State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule ____

☑  Chapter 11 or Chapter 9 Cases; Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/18/2016         ✗ _____
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                          Scott M. Pinsonnault
                                          Printed name

                                          CFO and CRO of Venoco, Inc.
                                          Position or relationship to debtor