# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Venoco, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 16-10655 (KG)<br><br>**Re: D.I. 3** |
| In re<br><br>Denver Parent Corporation,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 16-10656 (KG) |
| In re<br><br>TexCal Energy (LP) LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 16-10657 (KG) |
| In re<br><br>Whittier Pipeline Corporation,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 16-10658 (KG) |
| In re<br><br>TexCal Energy (GP) LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 16-10659 (KG) |

| | |
|---|---|
| In re<br><br>TexCal Energy South Texas, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-10661 (KG) |
| In re<br><br>Ellwood Pipeline, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-10660 (KG) |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order") pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing joint administration of the Debtors' related chapter 11 cases, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Local Rule 9013-1(m); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 16-10655 (KG), the case number for Venoco, Inc.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Venoco, Inc., *et al.*, | Case No. 16-10655 (KG) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Venoco, Inc. (5555); Denver Parent Corporation (1005); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc. (5631); and TexCal Energy South Texas, L.P. (0812). The Debtors' main corporate and mailing address for purposes of these chapter 11 cases is: Venoco, Inc., 370 17th Street, Suite 3900, Denver, CO 80202-1370.

4. An entry shall be made on the docket of each of the Debtors' chapter 11 cases, other than the case of Venoco, Inc., to reflect the joint administration of the chapter 11 cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Venoco, Inc. (5555); Denver Parent Corporation (1005); TexCal Energy (LP) LLC (0806); Whittier Pipeline Corporation (1560); TexCal Energy (GP) LLC (0808); Ellwood Pipeline, Inc.

(5631); and TexCal Energy South Texas, L.P. (0812). All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in, Case No. 16-10655 (KG).

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file and one consolidated service list.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors or the Debtors' estates.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: March 21, 2016
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

9919607.1

3